# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA
V.
JAMES A. PLINE, JR.

**FILED**
AUG 2 3 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

CRIMINAL COMPLAINT

Case Number: 06- 7217

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about __August 4, 2005,__ in __Kankakee__ County, in the __Central__ District of __Illinois__ defendant(s) did,

(Track Statutory Language of Offense)
knowingly and intentionally possess with the intent to distribute a controlled substance, namely approximately 520 grams of cocaine, a Schedule II Controlled Substance,

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__.

I further state that I am a(n) __Special Agent, DEA__ and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

s/Tyrolia Collins
Signature of Complainant

Tyrolia Collins
Printed Name of Complainant

Sworn to before me and signed in my presence,

8/23/2006 at Urbana Illinois
Date                                  City                  State

David G. Bernthal        U.S. Magistrate Judge        s/David G. Bernthal
Name of Judge            Title of Judge                Signature of Judge

| STATE OF ILLINOIS | ) | |
|---|---|---|
| | ) | SS |
| COUNTY OF CHAMPAIGN | ) | |

## AFFIDAVIT

I, Tyrolia Collins, being duly sworn, hereby depose and state:

1. I am a Special Agent, U.S. Department of Justice, Drug Enforcement Administration (DEA), currently assigned to the Chicago Field Division and have been so employed for two years. I have received special training in the enforcement of laws concerning controlled substances. This training consisted of detailed instruction in the areas of drug identification, investigative techniques, criminal law, undercover operations, informant development and handling, physical and electronic surveillance, debriefing defendants, witnesses and informants, as well as various methods and procedures utilized by drug organizations to illegally import, transport, and distribute controlled substances and listed chemicals used in the manufacturing of controlled substances, and the drug organizations methods of laundering and concealing of proceeds from drug trafficking.

2. My experience includes participation in several investigations related to controlled substance violations either as a case agent or in a subsidiary role. I have debriefed numerous defendants, informants, and witnesses who had personal knowledge regarding major narcotics trafficking organizations, and I have participated in all aspects of drug investigations including, undercover operations, conducting surveillance, and conducting court ordered interceptions of wire communications. I am familiar with and have participated in all of the normal methods of investigation, including, but not limited to, visual surveillance, the general questioning of witnesses, the use of informants,

undercover operations, the use of pen registers, and the interception of wire communications. I am familiar with narcotics trafficker methods of operation including, the distribution, storage, and transportation of narcotics, the collection of money which represents the proceeds of narcotics trafficking and money laundering, in violation of Title 21, United States Code, Sections 841, 843, 846, 952, 960, 963, as well as of Title 18, United States Code, Sections 1956.

3. The information set forth in this Affidavit is based upon my participation in this investigation, interviews of witnesses, review of law enforcement reports, my discussions with other law enforcement officers, and my experience and training. The recitation of facts contained in this Affidavit is not meant to be a complete narrative of all that has occurred in connection with this investigation, but is only a summary of facts necessary to show probable cause that JAMES PLINE JR., possessed with intent to distribute a controlled substance, namely, approximately 520 grams of cocaine, Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

4. On August 4, 2005, at approximately 11:30am, DEA agents in conjunction with Kankakee Area Metropolitan Enforcement Group (KAMEG) established surveillance at the mobile home park of 1405 N. Arthur Burch, Lot V-12, Bourbonnais, Illinois. At approximately 11:55am, agents observed a blue Chevrolet Tahoe bearing Illinois registration 5955471 (known by agents to be driven by the owner of the Burch residence, parked in the vicinity of 1405 N. Arthur Burch, Lot V-12, Bourbonnais, Illinois. At approximately 11:55 a.m, agents observed a tan Land Rover bearing Illinois registration 5407058 (driven by JOSHUA.LAMBERT) followed by a black Hyundai

2

with Iowa registration 136JRQ (driven by JAMES A. PLINE) enter the mobile home park and park in the vicinity of 1405 N. Arthur Burch, Lot V-12.

5. At approximately 12:05 p.m., agents observed Joshua LAMBERT get into the tan Land Rover bearing Illinois registration 5407058 and exit the mobile home park. At the same time, officers observed the black Hyundai with Iowa registration 136JRQ traveled exit the mobile home park. Agents maintained surveillance on the black Hyundai and determined that it eventually got onto I-80 in Will County, IL, and head west.

6. At approximately 1:05 p.m., an Illinois State Police trooper observed the black Hyundai on I-80 in Will County, IL traveling at an excessive rate of speed. The trooper then initiated a traffic stop. The driver of the black Hyundai was identified as JAMES A. PLINE Jr., 2135 Garfield Ave, Dubuque, Iowa. PLINE refused consent to search his vehicle. An certified Illinois State Police K-9 conducted a "free air sniff" around the exterior of the Hyundai, which resulted in a positive indication for the presence of narcotics inside the vehicle. PLINE was then asked to exit the vehicle. After PLINE exited the vehicle, the trooper observed a stun gun on the driver's seat. PLINE was placed under arrest for Unlawful Use of a Weapon (UUW). A subsequent search of the vehicle incident to arrest produced 520 grams of cocaine under the passenger seat wrapped in duct tape inside a cellular telephone box. PLINE signed his Miranda Warnings and refused to answer questions. Laboratory analysis by the Illinois State Police Forensic Services indicated that the approximate 520 grams tested positive for cocaine hydrochloride.

7. Based on my experience in conducting drug investigations, I know that 520 grams of cocaine has a street value of approxximately $10,000 - $12,000 and is an amount consistent with an intent for distribution and not for personal use.

8. Based upon the above facts, your affiant believes PLINE knowingly and intentionally possessed with the intent to distribute approximately 520 grams of cocaine.

FURTHER AFFIANT SAYETH NOT.

                                              s/Tyrolia Collins
                                              Tyrolia Collins, Special Agent
                                              U.S. Drug Enforcement Administration

Subscribed and sworn to before me,
this **23rd** day of August 2006.

s/David G. Bernthal
DAVID G. BERNTHAL
United States Magistrate Judge