E-FILED
Friday, 30 May, 2008  09:15:30 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 06-CR-20063 |
| ) | |
| **JAMES A. PLINE, JR.** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

On May 25, 2007, a sentencing hearing was held and Defendant, James A. Pline, Jr., was sentenced to a term of 41 months in the Federal Bureau of Prisons for a crack cocaine offense. On March 6, 2008, Defendant filed a pro se Motion to Reduce Sentence (#20) based on the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. On March 6, 2008, this court entered a text order and appointed the Federal Defender for the Central District of Illinois to represent Defendant.

On March 17, 2008, Jonathan E. Hawley of the Federal Public Defender's office filed a Motion to Withdraw as Counsel (#21). In his Motion, Defendant's counsel stated that he had thoroughly reviewed Defendant's case and concluded that he is ineligible for a reduction because he was sentenced for a powder cocaine offense only. Defendant's counsel therefore asked to be allowed to withdraw as counsel and asked that Defendant be allowed to proceed pro se.

On March 24, 2008, this court entered an Order (#22). This court noted that a reduction in sentence cannot be granted where the amendment does not have the effect of lowering the defendant's applicable guideline range. This court stated that Defendant is not eligible for a reduction because the amendment applies to crack cocaine and does not change Defendant's guideline range or sentence. This court then granted Defendant's counsel's motion to withdraw and allowed Defendant to pursue the matter pro se. This court allowed Defendant 30 days to file a pleading that either (a) concedes that

the Amendment does not apply because his sentence was for a powder cocaine offense only, or (b) explains why the Amendment applies in spite of the sentence for a powder cocaine offense.

Defendant has not filed a response to this court's Order and the time allowed to do so has passed. This court has carefully reviewed the record in this case. Following this careful review, this court agrees with Defendant's counsel that, because Defendant was sentenced for a powder cocaine offense, he cannot receive a reduction in his sentence based upon the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Motion to Reduce Sentence (#20) is DENIED.

(2) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

ENTERED this 30th day of May, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE